**NEUMEYER v WRIGHT et, etc**

Ohio Appeals, 9th Dist, Lorain Co

No 744. Decided Nov 8, 1935

Theodore V. Foskett, Medina, for plaintiff.

Howard R. Butler, Prosecuting Attorney, Elyria, for defendants.

## OPINION

By STEVENS, J.

The well-recognized and long-established rule is that legislation for the levying of taxes and assessments must be strictly construed, and doubt must be resolved in favor of the person on whom the burden is sought to be imposed.

City of Cincinnati v Connor, 55 Oh St 82, at p. 91.

Application of that rule and a consideration of the entire record herein requires the conclusion that the assessments in question were not certified to the auditor of said county until April 16, 1934, and that said assessments did not become liens under the provisions of §6912, GC, until certified as required by law.

The property of plaintiff, having been acquired by her subsequent to the approval of said assessments, but prior to their certification, could not be subjected to the payment of said assessments, where diligent search of the public records failed to reveal the existence of any assessments, because plaintiff did not have and could not have had any notice whatsoever of the existence of said assessments upon said property.

The equities of this case are decidedly with the plaintiff. She has done all that is required of an ordinarily prudent person to ascertain the existence of special assessments against the property in question. Relying upon the information disclosed by the public records, she has been led to act in the purchase of said property, and if the assessments are now permitted to be collected from her, her action in purchasing said property might and probably would be to her disadvantage.

Herzatum v Sparks, Treas., et, 31 O.L.R. 292, and cases cited therein.

We find no merit in the contention of defendants that the authorities cited pertain only to taxes and not to assessments.

The equities entering into a consideration of either question are the same.

The permanent injunction sought will be granted. Exceptions of defendants may be saved.

FUNK, PJ, and WASHBURN, J, concur in judgment.